IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIUS ANDERSON,

            Plaintiff,                  No. CIV S-06-0871 LKK EFB P

      vs.

LIEUTENANT PETERSON, et al.,

            Defendants.               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

       Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983.  This case is proceeding on plaintiff's verified complaint, filed on April 24, 2006.  Defendants moved to dismiss this action on December 1, 2006, on the grounds that plaintiff's claims against defendants Woodford, Grannis, Thumser, Cueva, Cullen, Schwartz, Jensen, Surges, and Veal are based solely on a theory of respondeat superior liability, plaintiff has no First Amendment right to housing of his choice, and plaintiff failed to exhaust his state-law tort claims before filing suit.

**I.  Summary of Facts**

       Plaintiff is an inmate incarcerated at the California Medical Facility in Vacaville (CMF). In his verified complaint (Compl.), plaintiff alleges that on February 25, 2005, defendant Peterson, a correctional lieutenant, ordered plaintiff removed from ADA and/or Medical Critical

1   Care housing.  Compl., at 7.[1]  Defendant Sorchilla, a correctional officer, ordered plaintiff to

2   pack his property.  *Id*.  While packing his property, plaintiff slipped and fell, injuring his legs

3   and breaking several teeth.  *Id*.  Plaintiff called out for medical assistance and defendant

4   Sorchilla responded, "Get up and keep packing your property."  *Id*.  Plaintiff was taken to the

5   infirmary some time later, to be assessed for placement in administrative segregation because he

6   failed to pack his property quickly enough.  *Id*.

7        At the prison infirmary, plaintiff met with Doctor Zhu and an attending nurse.  *Id*.  After

8   speaking with a correctional officer, Dr. Zhu refused to treat plaintiff's injuries, stating that his

9   issue was "non-emergency."  *Id*.  Plaintiff subsequently met with D. Morgenstein, who

10  introduced himself as a psychiatrist, and began asking plaintiff "distasteful and inappropriate"

11  questions about his mental health.  *Id*.  After speaking with defendant Fisher, a CMF watch

12  commander, defendant Morgenstein informed plaintiff he was going to be placed in the

13  Department of Mental Health.  *Id*.  At this point, defendant Hasim (Hashem) fabricated mental

14  health records in support of this new placement, which worked to deprive plaintiff of his

15  Americans with Disabilities Act (ADA) Medical Chronic Care accommodations.  Compl., at 9.

16  Plaintiff claims that mental health staff, including defendant Fisher, fabricated his mental health

17  records in order to support placement in the mental health ward.  *Id*.

18       Plaintiff further claims that defendants Woodford (the Director of the California

19  Department of Corrections and Rehabilitation (CDCR)), Grannis (the chief of the inmate

20  appeals branch), Thumser (a correctional Lieutenant at CMF), Cueva (a correctional Lieutenant

21  at CMF), Schwartz (the Warden of CMF), Jensen (an appeals examiner at CMF), Surges (an

22  appeals examiner at CMF), and Veal (the acting Warden at CMF) are liable for all alleged

23  conduct based on the theory of supervisory liability because they were made aware of the

24  /////

25

26       [1] For ease of reference, the court's citations to the complaint refer to the pagination
    assigned by the Case Management – Electronic Case Filing system.

1  deprivations and refused to train and control the officials involved.  Defs.' Mot. to Dism., at 4;

2  Compl., at 9.

3  **II.    Failure to State a Claim Upon Which Relief May Be Granted**

4          A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

5  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

6  support of the claim or claims that would entitle him to relief.  *Hishon v. King & Spalding*, 467

7  U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Palmer v. Roosevelt*

8  *Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

9  this standard, the court must accept as true the allegations of the complaint in question, *Hospital*

10 *Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light

11 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  *Jenkins v.*

12 *McKeithen*, 395 U.S. 411, 421 (1969).

13         To state a claim under 42 U.S.C. § 1983, plaintiff must allege an identified defendant

14 deprived plaintiff of a right secured to him by the Constitution or laws of the United States while

15 acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  Although the Federal

16 Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements

17 of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th

18 Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which

19 defendants engaged in that support plaintiff's claim.  *Id.*  There can be no liability under 42

20 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions

21 and the claimed deprivation.  *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d

22 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

23         The Civil Rights Act under which this action was filed provides as follows:

24         Every person who, under color of [state law] . . . subjects, or
           causes to be subjected, any citizen of the United States . . . to the
25         deprivation of any rights, privileges, or immunities secured by the
           Constitution . . . shall be liable to the party injured in an action at
26         law, suit in equity, or other proper proceeding for redress.

1  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

2  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  *See*

3  *Monell v. Department of Social Servs*., 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362

4  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

5  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

6  omits to perform an act which he is legally required to do that causes the deprivation of which

7  complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

8        **A.**      **Defendants Woodford, Grannis, Thumser, Cueva, Cullen, Schwartz, Jensen,**

9                **Surges, and Veal**

10        In his first cause of action, plaintiff alleges that defendants Woodford, Grannis, Thumser,

11  Cueva, Cullen, Schwartz, Jensen, Surges, and Veal "were made aware of the deprivations and

12  failed and refused to train and control these officials," and are therefore liable under the theory

13  of "Supervisory Liability."  Compl., at 7.

14        Supervisory personnel are generally not liable under § 1983 for the actions of their

15  employees under a theory of *respondeat superior* and, therefore, when a named defendant holds

16  a supervisorial position, the causal link between him and the claimed constitutional violation

17  must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v.*

18  *Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).  Vague and

19  conclusory allegations concerning the involvement of official personnel in civil rights violations

20  are not sufficient.  *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

21        However, "A supervisory official, such as a warden, may be liable under Section 1983

22  only if he was personally involved in the constitutional deprivation, or if there was a sufficient

23  causal connection between the supervisor's wrongful conduct and the constitutional violation."

24  *Henry v. Sanchez*, 923 F.Supp. 1266, 1272 (C.D. Cal. 1996); see *Barry v. Ratelle*, 985 F.Supp.

25  1235, 1239 (S.D. Cal. 1997) (inferred subjective awareness through prison grievance system and

26  requests to review medical records insufficient to state a claim).

1    Plaintiff's allegation against these defendants fails to articulate an actual connection

2    between defendants' actions and plaintiff's alleged constitutional injury, other than one based on

3    *respondeat superior* liability.  The court therefore recommends that the motion to dismiss be

4    granted for failure to state a claim as to these defendants.

5    **B.  Defendant Sorchilla**

6    Plaintiff claims that defendant Sorchilla refused to arrange for medical treatment or

7    summon medical assistance for plaintiff's injuries sustained when he fell in his cell while

8    preparing to move.  Plaintiff alleges that this refusal was an act of retaliation for plaintiff

9    contesting his bed move based on his needs for disability accommodation.

10    In order to establish a valid First Amendment claim, plaintiff must prove that the

11    retaliation involved a protected constitutional right.  However, inmates do not have a

12    constitutional right to be housed at a particular facility or institution or to be transferred, or not

13    transferred, from one facility or institution to another.  *Olim v. Wakinekona*, 461 U.S. 238, 244-

14    48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976); *Johnson v. Moore*, 948 F.2d 517,

15    519 (9th Cir. 1991) (per curiam).  Nor does an inmate have a constitutional right to any

16    particular classification.  *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Hernandez v. Johnston*,

17    833 F.2d 1316, 1318 (9th Cir. 1987).  Because plaintiff has no constitutional right to be housed

18    in any specific facility, he cannot establish that contesting a bed move is a valid exercise of a

19    constitutional right.  Therefore, the court finds that plaintiff has failed to state a First

20    Amendment retaliation claim against defendant Sorchilla, and recommends that the motion to

21    dismiss for failure to state a claim as to this defendant be granted.

22    **C.  Defendants Peterson, Fisher, Morgenstein**

23    Plaintiff asserts that defendant Peterson ordered plaintiff removed from his ADA Medical

24    Critical Care housing.  As stated above, an inmate does not have a constitutional right to any

25    particular housing classification.  *Moody*, 429 U.S. at 88 n.9; *Hernandez*, 833 F.2d at 1318.  The

26    court finds that plaintiff has failed to state a claim against defendant Peterson.

1    Plaintiff alleges that defendant Fisher spoke with defendants Morgenstein and Hasem,

2    and that this led to plaintiff being admitted into an acute care mental health unit.  For the reasons

3    set forth above regarding housing classification, plaintiff has failed to state a claim against

4    defendant Fisher.

5    Plaintiff alleges that defendant Morgenstein inappropriately questioned him about his

6    mental health and ultimately recommended that custody officials place plaintiff in mental health

7    housing.  On these facts, plaintiff has failed to allege a violation of his constitutional rights.

8    Plaintiff further alleges that defendant Morgenstein permitted custody officials to make medical

9    determinations, yet he fails to allege facts to support this allegation or to describe how this

10   resulted in harm.  Plaintiff fails to state a claim against defendant Morgenstein.

11   The court therefore recommends that defendants' motion to dismiss be granted as to

12   defendants Peterson, Fisher, and Morgenstein.

13   **D.  Defendants Marsili, Hashem, Redditt, Fish, Scholle, Umemoto**

14   Defendants Marsili and Hashem are psychiatrists, defendants Redditt and Fish are

15   psychiatric nurses, and defendants Fish and Umemoto are Licensed Clinical Social Workers at

16   CMF.  Plaintiff alleges that these defendants fabricated and falsified mental health records that

17   plaintiff was potentially suicidal in order to place plaintiff in mental health housing.  Plaintiff's

18   change in housing does not amount to a constitutional violation, as discussed above.  Further,

19   plaintiff does not allege that the actions he purports were undertaken by defendants amounted to

20   any other alleged deprivation.  The court finds that plaintiff has failed to state a claim as to these

21   defendants, and therefore recommends the motion to dismiss be granted as to them.

22   **IV.  State Law Claims**

23   Plaintiff also raises several state tort claims.  Because the court recommends dismissal of

24   plaintiff's federal claims against them, the court should decline to exercise supplemental

25   jurisdiction over the remaining state law claims.  *See* 28 U.S.C. § 1367(c)(3).  Further,

26   defendants argue that plaintiff failed to comply with the State Tort Claims Act prior to filing suit,

and he is therefore precluded from litigating his state law claims in federal court.  *See Storek &*
*Storek, Inc. v. Port of Oakland*, 869 F.2d 1322, 1325-1326 (9th Cir. 1989); *United States v. State*
*of California*, 655 F.2d 914, 919-920 (9th Cir. 1980); *see also* Defs.' Mot. to Dism., Ex. Exhibit
A.

       Accordingly, IT IS HEREBY RECOMMENDED that:

       1.  Defendants' December 1, 2006, motion to dismiss be granted for failure to state a
claim;

       2.  The court decline to exercise supplemental jurisdiction over the remaining state law
claims.  *See* 28 U.S.C. § 1367(c)(3); and

       3.  The Clerk be directed to close this case.

       These findings and recommendations are submitted to the United States District Judge
assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after
being served with these findings and recommendations, any party may file written objections
with the court and serve a copy on all parties.  Such a document should be captioned "Objections
to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the
specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 22, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE