IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JULIUS ANDERSON,

        Plaintiff,                      No. CIV S-06-0871 LKK EFB P

    vs.

LIEUTENANT PETERSON, et al.,

        Defendants.            ORDER

                                /

        Plaintiff is a prisoner without counsel seeking relief for civil rights violations. *See* 42 U.S.C. § 1983. He proceeds without counsel on appeal of this court's order adopting the magistrate judge's August 22, 2007, findings and recommendations to grant defendants' motion to dismiss. The complaint alleged that defendants fabricated his mental health records in order to place him in mental health housing and, after he was injured while packing for his cell move, failed to provide him with adequate medical care in retaliation for his contesting the move. Plaintiff based his claims on the First and Eighth Amendments, and the Due Process Clause of the Fourteenth Amendment.

        On September 28, 2007, the court adopted the findings and recommendations of the magistrate judge and granted defendants' motion to dismiss. On October 10, 2007, plaintiff filed a notice of appeal. The United States Court of Appeals for the Ninth Circuit referred the matter

back to the district court for the limited purpose of determining whether this appeal has been taken in good faith or is frivolous. *See* 28 U.S.C. § 1915(a)(3).

An appeal not taken in good faith is one that is frivolous, meaning the result is obvious or the arguments are wholly without merit. *See Cannon v. Hawaii Corp. (In re Hawaii Corp.)*, 796 F.2d 1139, 1144 (9th Cir.1986) (quoting *Libby, McNeill and Libby v. City National Bank*, 592 F.2d 504, 515 (9th Cir.1978); *Jaeger v. Canadian Bank*, 327 F.2d 743, 746 (9th Cir.1964).

The Ninth Circuit will review this case de novo. *Llamas v. Butte Cmty. Coll. Dist.*, 238 F.3d 1123, 1126 (9th Cir.2001).

Plaintiff claimed the following: (1) while packing his things for a cell move, he slipped and fell, injuring his legs and breaking several teeth and defendant Sorchilla, in retaliation for his protesting the move, failed to provide him with medical care in violation of the First Amendment; (2) defendants Peterson, Fisher, and Morgenstein ordered and arranged for plaintiff to be moved from medical housing to mental health housing; (3) defendants Marsili, Hashem, Redditt, Fish, Scholle, and Umemoto fabricated and falsified mental health records that plaintiff was potentially suicidal in order to place plaintiff in mental health housing; and (4) defendants Woodford (the Director of the California Department of Corrections and Rehabilitation (CDCR)), Grannis (the chief of the inmate appeals branch), Thumser (a correctional Lieutenant at CMF), Cueva (a correctional Lieutenant at CMF), Schwartz (the Warden of CMF), Jensen (an appeals examiner at CMF), Surges (an appeals examiner at CMF), and Veal (the acting Warden at CMF) are liable for all alleged conduct based on the theory of supervisory liability because they were made aware of the deprivations and refused to train and control the officials involved.

The magistrate judge found that plaintiff had failed to state a claim upon which relief could be granted. As to the first claim, the magistrate judge found that plaintiff had failed to state a claim of retaliation since there is no constitutional right to any particular housing classification so contesting a bed move is not a valid exercise of a constitutional right; therefore, plaintiff failed to state a retaliation claim against defendant Sorchilla. On the second claim, the

1 magistrate judge found that, because an inmate does not have a constitutional right to any
2 particular housing classification, and because plaintiff had failed to allege facts in support of his
3 allegations, he failed to state a claim against defendants.  The magistrate judge found that
4 plaintiff's third claim failed because it was also based on a claim that he was deprived of medical
5 housing to which he has no constitutional right.  On plaintiff's fourth claim, the magistrate judge
6 found that plaintiff had failed to articulate an actual connection between defendants' actions and
7 plaintiff's alleged constitutional injury, other than one based on respondeat superior liability.

        Plaintiff did not file objections.  The court adopted the magistrate's findings and recommendations.  Plaintiff later filed a document styled as an "order appeal from the magistrate judge to district judge," which the court construed as a request for reconsideration of the magistrate judge's order.  In his motion, plaintiff did not show that the magistrate judge overlooked any facts that call the findings into question, and he cannot adduce new evidence on appeal.  Nor did plaintiff demonstrate that there was any legal error in the findings and recommendations.  Therefore, the outcome of the appeal most likely is a foregone conclusion.

        For these reasons, the court finds that plaintiff's appeal is not taken in good faith.

        IT IS SO ORDERED.

Dated:   November 16, 2007.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3